Samuel A. Tucker plff in error vs. John Black deft in error.

Where a rule affirming a judgment was taken by default, and the moving attorney went on and perfected his judgment under that rule, and by an arrangement of counsel, the default was subsequently opened, and the cause finally decided affirming the judgment; the moving attorney, who was ignorant of the default being opened and cause submitted by counsel until over a year afterwards, and after he had issued his execution : *Held*, on a motion to set aside the judgment for iregulaity, that as the final decision in the cause was the same as in the rule entered by default, the judgment might stand.

*Motion by plaintiff in error to set aside judgment, execution, &c., for irregularity.*—This was a cause which arose in justices' court ; it was brought to this court on a writ of error to the Allegany common pleas. The cause was noticed for argument at the January term, 1844, and papers sent to counsel at Albany. The counsel for defendant in error took a rule by default in the cause affirming the judgment, on the 12th Jan., 1844, and enclosed a copy to the attorney for defendant in error, who served a copy on attorney for plaintiff in error, and subsequently served copy costs and notice of taxation, and perfected judgment on the 1st Feb., 1844. Execution was not issued until March, 1845.

Plaintiff in error showed that soon after the rule for default was entered, his counsel applied to defendant's counsel to open it, which was done, and the papers on both sides submitted to the court; and the plaintiff's counsel immediately wrote plaintiff's attorney that fact.

The cause was decided by the court, at May term, 1844. "Judgment affirmed."

The attorney for defendant swore that he never knew that the rule taken by default on the 12th January, 1844, had been opened, nor did

he know any thing of the arrangement between the respective counsel, until after he had issued execution in the cause, and alleged that the defendant in error would be in danger of losing the debt if the judgment was set aside.

S. H. HAMMOND, *Plff's Counsel.*    JAMES WOOD Jr., *Plff's Atty.*
M. T. REYNOLDS, *Deft's Counsel.*    J. N. STODDARD, *Deft's Atty.*

BEARDSLEY, Justice.—Held, that as the decision was the same, in the last rule as in the one taken by default, the judgment might stand. Motion denied, with costs.